# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

ANTHONY WILLIAMSON                                                                    PETITIONER
ADC #109343

V.                           No. 4:22-cv-01046-LPR-ERE

DEXTER PAYNE, Director,
Arkansas Department of Correction                                                     RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. You may file objections to all or part of this Recommendation. Filed objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of the Court within fourteen days of the entry of this Recommendation. Failing to timely file objections may result in waiver of the right to appeal questions of fact.

## I.   BACKGROUND

Pending before the Court is a § 2254 habeas petition filed by Mr. Anthony Williamson. *Doc. 2*. He challenges prison disciplinary convictions he received while incarcerated at the Varner Supermax Unit of the Arkansas Department of Correction ("ADC"). *Doc. 2*.

A June 3, 2019, major disciplinary charged Mr. Williamson with: (1) tampering with, or blocking, any lock or locking device; (2) interfering with the

1

taking of count; (3) being out of place of assignment; (4) destroying ADC property; (5) introducing drugs into the ADC; and (6) attempted escape. *Id. at 9*. The charges stemmed from ADC Major Brandon Carroll's investigation into reports of a broken window with a missing security bar in Barracks Four. *Id. at 1*. After reviewing video footage, Major Carroll found that inmate Latoris Henry put a white sheet over the stairway, blocking a camera's view. *Id.* A second inmate with a blanket over his body, but not his face, was seen exiting the barracks through the broken window. *Id.* Eventually, that inmate walked down in the yard and looked up at the camera. *Id. at 1-2*. Major Carroll determined that Mr. Williamson was the second inmate who removed the security bar, broke the window, and climbed through it. *Id. at 2*.

On June 10, 2019, Mr. Williamson appeared at a disciplinary hearing, denied all the charges, and presented evidence. *Doc. 2 at 11*. The hearing officer found Mr. Williamson guilty of tampering with, or blocking, any lock or locking device; being out of place of assignment; destruction of ADC property; and attempted escape. *Id.* However, he found Mr. Williamson not guilty of interfering with the taking of count and introducing drugs into the ADC. *Id.* The hearing officer sentenced Mr. Williamson to: (1) thirty days in punitive isolation; (2) a reduction in classification to IV; and (3) loss of commissary, phone, and visitation privileges for sixty days. *Id.*

Mr. Williamson unsuccessfully appealed the disciplinary hearing officer's decision. *Doc. 2 at 3*. He also filed a Petition for Judicial Review in the Circuit Court

…

of Lincoln County, Arkansas. *Id.* The court dismissed the case, with prejudice, on October 7, 2019, and Mr. Williamson did not appeal. *Id.* at 3, 14; see *Williamson v. Kelley, et al.* No. 40CV-19-79 (Lincoln County Cir. Ct. July 8, 2019).

On October 28, 2022, Mr. Williamson filed the habeas petition now before the Court. He asserts that he "was prejudiced during his initial disciplinary hearing because state and prison officials withheld their intent to refer Major Carroll's falsified disciplinary to a federal prosecutor and a grand jury."[1] *Id. at 4.* He also alleges a due process violation and contends the convictions are based on a fraudulent report. *Doc. 2 at 5.* Mr. Williamson asks the Court to reverse the disciplinaries and expunge them from his record. *Id. at 5, 8.*

For the reasons explained below, Mr. Williamson's habeas petition should be dismissed, with prejudice, because his claims are not cognizable in a habeas action.

## II.   DISCUSSION

### A.   Screening

In conducting the required initial review of Mr. Williamson's habeas corpus petition, this Court should summarily dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases in United States District Courts; 28 U.S.C. §

---

[1] The ADC's failure to tell Mr. Williamson that they intended to refer him for prosecution is not a violation of law, constitutional or otherwise. In addition, the charges were dropped. See *United States v. Williamson*, No. 4:19-CR-00666-03-KGB (E.D. Ark.), *Doc. 91.*

2243. As part of that initial review, the Court is also obligated to decide whether it has subject matter jurisdiction. See *Northport Health Servs. v. Rutherford*, 605 F.3d 483, 490 (8th Cir. 2010) ("federal courts are obligated to consider lack of subject matter jurisdiction *sua sponte*").

### B. Mr. Williamson's Habeas Claim Is Not Cognizable

"The central focus of the [habeas] writ . . . is to provide a remedy for prisoners who are challenging the fact or duration of their physical confinement and are seeking immediate release or a speedier release." *Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir. 1993) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973)). "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996). Where, as in this case, a petitioner "fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ." *Id.*

As punishment for the June 3, 2019 disciplinary convictions, Mr. Williamson was sentenced to thirty days in punitive isolation; a reduction in classification; and loss of certain privileges for sixty days. *Doc. 2 at 11*. Because the punishment

imposed for the disciplinary convictions did not extend the length of his confinement, the Court lacks jurisdiction to issue a writ of habeas corpus.[2]

### C. Mr. Williamson's Claims Under § 1983

Before dismissing Mr. Williamson's habeas petition, the Court will consider whether he raises any "potentially viable" conditions of confinement claims that he might pursue under 42 U.S.C. § 1983. See *Spencer v. Haynes*, 774 F.3d 467 469-70 (8th Cir. 2016) (when a habeas petition asserts conditions-of-confinement claims that are not cognizable in habeas, the court should consider whether a petitioner raises a "potentially viable" constitutional claim and, if so, whether to recharacterize the claim as § 1983 or *Bivens* actions).

The Court construes Mr. Williamson's pleadings as raising two issues arising (1) a due process violation during the disciplinary hearing; and (2) convictions based on a fraudulent report.[3] For the reasons explained below, neither claim is potentially

---

[2] Even if Mr. Williamson had lost good-time credits as a result of his disciplinary convictions, he arguably would not be entitled to habeas relief. Other courts in this jurisdiction have held that an ADC inmate's loss of good-conduct time does not trigger a protected liberty interest because under Arkansas law, good-conduct time impacts an inmate's parole eligibility but not the length of the sentence itself. See, e.g., *Crockett v. Kelley*, Case No. 5:18-cv-00210-JM-JTR (E.D. Ark. April 12, 2019); *Roberts v. Hobbs*, Case No. 5:14-cv-00044-JLH-BD, 2014 WL 1345341, *2-3 (E. D. Ark. April 4, 2014), certificate of appealability denied, Case No. 14-1930 (8th Cir. Aug. 12, 2014).

[3] Mr. Williamson also alleges that "Major Carroll knowingly and intentionally falsified the disciplinary in retaliation for Petitioner exercising his 5th Amendment right to remain silent . . . ." *Doc. 2 at 4*. The disciplinary had already been filed when Mr. Williamson elected not to testify. Thus, the disciplinary itself could not have been retaliatory. See *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020) (a plaintiff alleging retaliation must show that the complained of adverse action was motivated at least in part by the exercise of protected activity).

5

viable. In other words, all of these claims would be subject to dismissal at the mandatory, initial screening stage of a § 1983 complaint. *See* 18 U.S.C. § 1915A (requiring screening and dismissal of any claims which fail to state a claim upon which relief may be granted).

### 1. Fourteenth Amendment Due Process

To prevail on a Fourteenth Amendment due process claim, a prisoner "must first demonstrate that he was deprived of life, liberty, or property by government action." See *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Here, the due process claim must be based on the denial of a liberty interest. Absent a constitutionally protected liberty interest, Mr. Williamson has no cognizable claim for relief under § 1983.

A prisoner's constitutionally protected liberty interests are limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or to actions "which inevitably affect the duration of [a] prisoner's sentence." *Sandin v. Conner*, 515 U.S. 472, 487 (1995). Mr. Williamson claims he was denied due process in his disciplinary hearing which resulted in his loss of privileges, punitive isolation, and class-reduction. It is well-settled that these claims do not constitute "atypical and significant" hardships to support a due process violation. Such punishment is not severe enough to trigger a liberty interest. See *Thornsberry v. Barden*, 854 F. App'x 105 (8th Cir. 2021)

("Thornsberry's assignment to isolation, loss of privileges, and reclassification were insufficient to state a due process claim."); *Smith v. McKinney*, 954 F.3d 1075, 1083 (8th Cir. 2020) (holding that an inmate does not have a liberty interest in "employment, wages, security classification, security points, [or] inmate tier status upon his transfer to the ISP . . . individually or collectively . . . ."); *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate not deprived of liberty interest during nine months in administrative segregation); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("A prisoner does not have a liberty interest in contact visitation."); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (inmates have no liberty interest in maintaining a particular classification level; and thirty days in punitive segregation is not an atypical and significant hardship under *Sandin*); *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation was not atypical and significant hardship despite restrictions in mail, telephone, visitation, commissary, and property privileges). Because Mr. Williamson had no liberty interest related to the challenged disciplinary convictions, he has failed to state a plausible due process claim under the Fourteenth Amendment.[4]

---

[4] The Lincoln County Circuit Court reached the same conclusion in rejecting Mr. Williamson's petition for judicial review of his disciplinary convictions, ruling that "petitioner's complaints are ones that do not involve a protected liberty interest" and dismissing the case with prejudice. Doc. 2 at 14; *Williamson v. Kelley, et al*, No. 40CV-19-79 (Lincoln County Cir. Ct. July 8, 2019). Mr. Williamson did not appeal that ruling, which is now final. Accordingly, the doctrine of collateral estoppel arguably bars Mr. Williamson from relitigating any issue resolved in the final

### 2. Fraudulent Report

Mr. Williamson also asserts that the disciplinary convictions were based on a "fraudulent report." *Doc. 2 at 5*. "[C]laims based on the falsity of the charges . . . , standing alone, do not state constitutional claims." *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Miller/Perry v. Gibson*, No. 1:10CV00090-JMM-HDY, 2010 WL 5525366, at *2 (E.D. Ark. Nov. 29, 2010) (holding that "a false disciplinary is not itself a constitutional violation.").

## III. CONCLUSION

Mr. Williamson has failed to state a cognizable claim for habeas relief and has no "potentially viable" claims under § 1983.

IT IS THEREFORE RECOMMENDED that:

1. The petition for a writ of habeas corpus (*Doc. 2*) be DENIED.

2. The petition be DISMISSED, WITH PREJUDICE.

3. The motion to proceed *in forma pauperis* (*Doc. 1*) be DENIED as MOOT.

4. A Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

DATED this 21st day of November, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

state court action. See *Irving v. Dormire*, 586 F.3d 645, 647-48 (8th Cir. 2009) (listing the four elements of collateral estoppel).